UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LATICIA L. BROWN, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 3:19-cv-50272 |
| HARRIS & HARRIS, LTD., | |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES**, Laticia L. Brown ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of the Defendant, Harris & Harris, Ltd. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and Plaintiff resides in this district.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

1

5. Defendant is a debt collection agency with its principle office located at 111 West Jackson Boulevard, Suite 400, Chicago, Illinois 60604.

6. The principal purpose of Defendant's business is the collection of consumer debts. Defendant collects or attempts to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone.

### FACTS SUPPORTING CAUSES OF ACTION

7. In August 2019, Defendant began placing unsolicited phone calls to Plaintiff's residential telephone number (815) XXX-7200.

8. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of her residential telephone number ending in 7200.

9. Soon after the calls began, Plaintiff spoke with a representative that was looking to speak with a party that is unknown to Plaintiff. The representative proceeded to ask Plaintiff how long she has owned the phone number and Plaintiff continued to tell the representative that she did not know the party responsible for the debt.

10. Plaintiff was perplexed why Defendant was calling her because Defendant was attempting to collect a debt that did not belong to her ("alleged debt").

11. Plaintiff *never* provided her home telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.

12. On or around October 17, 2019, Plaintiff again spoke with a representative of Defendant. During the phone call, Plaintiff verified her first and last name, along with her phone number. Defendant's representative stated that she was unable to locate an account for Plaintiff, despite placing several phone calls to Plaintiff's home phone number.

2

13. Notwithstanding Plaintiff informing Defendant that its phone calls are unwelcome, Defendant continued its phone harassment campaign.

14. Defendant falsely represented the legal status of the subject debt because Plaintiff did not owe the alleged debt.

15. Defendant unfairly attempted to collect on the alleged debt knowing that Plaintiff did not owe such debt.

16. Defendant typically calls Plaintiff from the phone numbers (312) 348-1555 and (312) 380-4081, but upon information and belief, Defendant uses other telephone numbers to call Plaintiff's home telephone.

## DAMAGES

17. Defendant's false representation and misleading conduct has severely disrupted Plaintiff's daily life and general well-being.

18. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, emotional distress, mental anguish, and anxiety as Plaintiff was lead to believe she owed the subject debt.

19. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

22. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

23. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

24. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

25. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

26. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

27. One of the purposes of the FDCPA was to eliminate the recurring problem of debt collectors dunning the wrong person.

28. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), and f through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692e**

29. "The FDCPA declares it a violation to make a false representation of the character, amount, or legal status of any debt. 15 U.S.C.S. § 1692e(2)(A). Indeed, merely dunning a person who is not legally obligated to pay the debt makes the debt collector liable under that statute as a matter of law because it is, ipso facto, a false representation about the status or character of the debt." *See Owens v. Howe*, No. 1:04-CV-152, 2004 U.S. Dist. LEXIS 22728 (N.D. Ind. Nov. 8, 2004).

30. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the subject debt.

31. Defendant violated §1692e(2) by falsely representing the legal status of the subject debt. Specifically, Defendant attempted to deceive Plaintiff into believing that she was responsible for the subject debt, when Plaintiff had no such obligation because the subject debt did not belong to her.

32. Furthermore, Defendant violated §1692e(10) by using false representation and deceptive means in connection to the collection of the subject debt. Defendant falsely represented that Plaintiff owes the subject debt when Plaintiff did not owe the subject debt. Defendant attempted to dragoon Plaintiff into paying a debt that did not belong to her.

    **b.   Violations of FDCPA § 1692f**

2. Defendant violated §1692f by using unfair and unconscionable means in attempting to collect on the subject debt.

3. Specifically, Defendant unfairly attempted to collect on the subject debt when Plaintiff did not owe the subject. Defendant's unconscionable conduct was employed in order to trick Plaintiff into believing she owed the subject and ultimately to satisfy the subject debt when the subject debt did not belong to her.

4. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant deceptive means.

5. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**Plaintiff demands trial by jury.**

Dated: October 22, 2019                             Respectfully Submitted,

                                                                      /s/ Alexander J. Taylor
                                                                      /s/ Marwan R. Daher
                                                                      /s/ Omar T. Sulaiman
                                                                      Alexander J. Taylor, Esq.
                                                                      Marwan R. Daher, Esq.
                                                                      Omar T. Sulaiman, Esq.
                                                                      *Counsel for Plaintiff*
                                                                      Sulaiman Law Group, Ltd
                                                                      2500 S Highland Ave, Suite 200
                                                                      Lombard, IL 60148
                                                                      Telephone: (630) 575-8181
                                                                      ataylor@sulaimanlaw.com
                                                                      mdaher@sulaimanlaw.com
                                                                      osulaiman@sulaimanlaw.com